**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 1, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

DONAVON RAY GARCIA,

      Petitioner-Appellant,

v.

BLACKMER/ or KASE, III,

      Respondents-Appellees.

No. 06-2141

(D.C. No. CIV-06-36-MV/LAM)
(D. New Mexico)

**ORDER***

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges

Petitioner Donavon Ray Garcia, a prisoner in the custody of the State of New Mexico proceeding pro se, seeks a certificate of appealability (COA) to challenge the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2241.** Because Garcia has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the matter.

Garcia's habeas petition contained no factual allegations. Therefore, the exact

---

* This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

** After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

nature of his conviction, sentence, and current claims is unclear. From the information available, Garcia appears to have pleaded guilty to felony homicide in the State of New Mexico Seventh Judicial District Court, Torrance County Division on March 22, 2001. We have no record that Garcia sought state habeas relief or pursued any available state remedies.

Garcia filed a petition for federal habeas relief pursuant to 28 U.S.C. § 2241 on January 12, 2006, in the United States District Court for the District of New Mexico. The district court ordered Garcia to file an amended petition describing the factual basis for his claims and his attempts to exhaust state court remedies. Garcia filed an amended petition on February 22, 2006, and a supplement to that petition on March 28, 2006. The amended application and supplement added little, if any, factual or documentary support for his claims. The district court construed Garcia's petition to raise allegations that he has been denied good time credit against his sentence and that he challenges his plea, though the exact nature of the challenge is unascertainable. The district court found that Garcia's amended application and supplement failed to make any allegations that Garcia exhausted his state remedies, and thus the court dismissed the petition without prejudice on April 19, 2006. Garcia sought a COA from the district court, but the district court denied his request on June 14, 2006. Garcia filed a Motion for Review, which this court construed as a notice of appeal, and he now requests a COA.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") limits a petitioner's right to appeal a denial of habeas relief under § 2241 and provides that no

appeal may be taken unless the petitioner first obtains a COA.  28 U.S.C. §

2253(c)(1)(A); <u>Montez v. McKinna</u>, 208 F.3d 862, 867 (10th Cir. 2000) (holding that §

2253(c)(1)(A) requires a state prisoner to obtain a COA to appeal the denial of a habeas

petition whether petitioner is seeking relief under 28 U.S.C. § 2254 or under 28 U.S.C. §

2241 ).

This court can issue a COA only "if the applicant has made a substantial showing

of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "When the district court

denies a habeas petition on procedural grounds without reaching the prisoner's underlying

constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

After reviewing the record, we conclude that Garcia has failed to make the

requisite showing.  A petitioner under § 2241 must exhaust available state remedies.

<u>Montez</u>, 208 F.3d at 866.  We agree with the district court that Garcia has failed to allege

or demonstrate that he exhausted available state remedies.

Accordingly, Garcia's request for a COA is DENIED and this matter is

DISMISSED.

<div style="margin-left:50%">

Entered for the Court

Mary Beck Briscoe
Circuit Judge

</div>